**R.G. ROBBINS & COMPANY, INC.**

v.

**The UNITED STATES.**

No. 306–82C.

United States Claims Court.

Dec. 14, 1983.

due pursuant to a contract, hereinafter described, for the delivery of lumber to defendant.[1]

The basic issue was (and is) whether payment for the lumber plaintiff delivered to defendant under the contract should be calculated on the basis of the nominal, or rough, board footage required to perform the contract, or the finished board feet supplied to defendant. The Board concluded that "both parties contracted that deliveries would be invoiced on the basis of the finished lumber count, not the nominal count, and that [plaintiff] was properly paid on that basis." *R.G. Robbins & Company, Inc.,* ASBCA No. 22565, 81–2 BCA (CCH) ¶ 15,-213 at 75,346.

Plaintiff alleges that the Board decision is unsupported by substantial evidence, and erroneous as a matter of law. Defendant's position is, of course, to the contrary. For the reasons hereinafter appearing, it is concluded that the Board decision deserves to be accorded finality. Plaintiff's motion for summary judgment is therefore denied, and defendant's cross-motion is granted. Plaintiff's complaint will be dismissed pursuant to RUSCC 58.

J. William Bennett, Portland, Or., attorney of record for plaintiff.

Colvin W. Grannum, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

WOOD, Judge:

In this action, before the court on cross-motions for summary judgment, plaintiff seeks review, under the standards of the Wunderlich Act, 41 U.S.C. §§ 321–22 (1976), of a decision of the Armed Services Board of Contract Appeals denying a claim for additional compensation alleged to be

I

The facts stated herein were found by the Board, or are otherwise properly derived from the administrative record. *See Ordnance Research, Inc. v. United States,* 221 Ct.Cl. 641, 609 F.2d 462 (1979).

On April 25, 1977, the Defense Construction Supply Center, Columbus Ohio, issued an invitation for bids (IFB) for furnishing 60,000 board feet of Douglas Fir lumber to defendant. Under the terms of the IFB, the lumber was to be fully dried, fire-retardant treated, and surfaced on all four sides, with edges eased. The IFB specified a thickness of "2 inches—Full Sawn" and a width of "6 inches—Full Sawn."[2]

---

1. ASBCA No. 22565, 81–2 BCA (CCH) ¶ 15,213 (1981).

2. The Board noted that these terms were "potentially ambiguous" or defective, in that the requirement of surfacing on all sides indicated a finished piece of lumber, while the term "full sawn" generally described "rough lumber," a different product.

In response to the IFB, plaintiff submitted an offer-to furnish 60,000 board feet of lumber for $815 per thousand board feet (MBF). Both plaintiff and defendant understood that the proposed contract required delivery of lumber measuring 2 inches by 6 inches finished.[3] Indeed, prior to contract award, the contracting officer asked plaintiff to verify that it would supply lumber finished to that size, and plaintiff did so.[4] The contract was awarded to plaintiff May 23, 1977.

Both the contract itself and the notice of award reflected a total contract price of $48,900 for 60 MBF of finished lumber, or (mathematically) $815 per MBF. Nothing in the administrative record establishes that plaintiff questioned the contract (or unit) price at or around the time of contract award. After the lumber was ready for delivery, however, plaintiff claimed a right to payment based upon the amount of rough board footage required for making deliveries of lumber to defendant under the contract.[5] That claim was denied by the contracting officer, and by the Board.

## II

In the course of denying plaintiff's claim, the Board made a number of factual determinations. On brief, plaintiff alludes to certain of those determinations as "erroneous conclusions of fact." Close scrutiny of plaintiff's arguments makes it plain, however, that the challenged factual "conclusions" are in actuality concededly "accu-

rate," "correct," "not challenged," or at worst "probably accurate," and that what plaintiff really disputes is the propriety of the Board's ultimate conclusion quoted at the outset of this opinion, not the challenged factual determinations *per se*.[6]

Put another way, there is little or no real dispute as to the propriety of any basic evidentiary finding essential to a proper consideration and disposition of this case.[7] The determinative question is, rather, whether the Board's ultimate conclusion respecting the basis of the bargain between the parties is, as plaintiff contends, erroneous. On this record, the answer to that question can only be in the negative.

As the Board properly found, plaintiff understood in bidding that it would have to deliver, and it in fact intended to furnish to defendant, 60 MBF (plus or minus 5 percent) of Douglas Fir lumber measuring 2 inches by 6 inches after finishing. There can be and is no question but that plaintiff's bid price in response to the IFB was $815 per MBF. That sum, multiplied by 60 MBF, equals $48,900, the total price listed in both plaintiff's contract and in the notice of contract award.

▬ It is a fundamental principle, a "bedrock of contractual analysis," that the intention of the parties to a contract controls its interpretation. *Firestone Tire & Rubber Co. v. United States,* 195 Ct.Cl. 21, 30, 444 F.2d 547, 551 (1971). On the basis of the record in this case, the Board deter-

3. In order to produce finished lumber of that size, nominal or rough lumber 2¼ inches by 6½ inches in size is required. Rough lumber 2 inches by 6 inches will, when finished, measure only 1½ inches by 5½ inches.

4. The request for verification was prompted by the fact that the low bidder had erroneously read the IFB as permitting it to furnish lumber finished to 1½ inches by 5½ inches. On verification of the error, the low bidder was permitted to withdraw its bid.

5. Plaintiff shipped 63 MBF of finished lumber (60 MBF plus 5 percent, a permissible variation under the contract); it asserted (and asserts) a right to payment for approximately 77 MBF of rough lumber used in producing the 63 MBF of finished lumber.

6. *E.g.,* plaintiff describes as "correct, but incomplete" the administrative finding that in bidding on the contract plaintiff intended to deliver to defendant 60 MBF of finished lumber measuring 2 inches by 6 inches. It asserts that this does not establish how payment for the 60 MBF of finished lumber was to be calculated. On the record before it in this case, the Board also concluded that the parties agreed how deliveries would be invoiced, and that conclusion cannot successfully be challenged here.

7. It is worthy of note in passing, however, that plaintiff's evidentiary challenges to the Board decision have no perceptible merit.

mined "that both parties contracted that deliveries would be invoiced on the basis of the finished lumber count, not the nominal count * * *." *R.G. Robbins & Company, Inc.,* 81-2 BCA (CCH) at 75,346.[8] Plaintiff points to no valid basis whatever for overturning that determination.[9] Nor, after a careful and complete review of the administrative record, is the court aware of any other vitiating defect in the Board's decision. That decision is therefore to be accorded finality.[10]

---

**8.** In holding that under the facts and circumstances of this case resort to custom and usage, or to various bureau and association grading rules, was inappropriate, the Board committed no factual or legal error. *Cf. Alfred A. Altimont, Inc. v. United States,* 217 Ct.Cl. 628, 579 F.2d 622 (1978). The Board's implicit determination that plaintiff's position in this respect was a pure afterthought is more than adequately supported by the record.

**9.** Plaintiff's assertion that the "intent of the parties is irrelevant in this case" simply cannot be accepted.

**10.** Defendant also advances other grounds for denying relief to plaintiff here. In view of the foregoing, those contentions need not be, and are not, reached. *Cf. Astro-Space Labs, Inc. v. United States,* 200 Ct.Cl. 282, 296, 470 F.2d 1003, 1011 (1972); *Space Corp. v. United States,* 200 Ct.Cl. 1, 6, 470 F.2d 536, 539 (1972).